**UNITED STATES DISTRICT COURT**
**WESTERN DIVISION OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DIANA THOMAS | CIVIL ACTION NO. 06-1078 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 76) filed by the defendant, David Kent ("Kent"). Kent moves for dismissal of the 42 U.S.C. §1981 claim on the grounds that he is entitled to qualified immunity regarding the 2002 selection of Cpl. David Walls over the plaintiff, Diana Thomas ("Thomas"), for the position of crime scene investigator. See id. Thomas opposed the Motion for Summary Judgment. See Record Document 87. For the reasons which follow, the Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

On September 15, 2008, this Court issued a Memorandum Ruling granting in part and denying in part a Motion for Summary Judgment filed by the defendants, the City of Shreveport ("the City"), Kent, and Richard Salley ("Salley"). See Record Documents 72 & 73. The motion was granted as to all claims, except Thomas' Section 1981 failure to promote claim against Kent in his individual capacity. See Record Document 72 at 24. The Court denied summary judgment as to the Section 1981 failure to promote claim against Kent due to genuine issues of material fact as to whether Thomas suffered an adverse employment action and pretext. See id. The Court reasoned:

> It is undisputed that Thomas is a member of the protected class, that she applied for a position for which she was qualified, and that after she did

not receive the transfer/promotion, the employer filled the position with someone outside the protected class. However, the Court finds that there are genuine issues of material fact as to the third factor of Thomas' prima facie case, i.e., whether she was rejected for the position, thus suffering an adverse employment action. The issue is whether the new position in the CSIU [Crime Scene Investigation Unit] was a transfer, a promotion, or a transfer that is deemed a promotion.

. . .

    Here, Thomas has presented evidence sufficient to raise a genuine issue of material fact on whether her non-transfer/non-promotion to the CSIU was an adverse employment action. Thomas has produced evidence that, among other things, there was the potential to earn more money through overtime pay as a CSIU officer, that CSI officers were permitted a take-home vehicle, and that CSI offered more career opportunities than patrol, thus impacting opportunities for advancement. Because Thomas has produced objective summary judgment evidence creating genuine issues of material fact as to whether the denial of a transfer may be the objective equivalent of the denial of a promotion, it for the jury to determine whether she suffered an adverse employment action. Summary judgment must be denied on this basis alone.

. . .

    Further, while Kent has articulated a legitimate, non-discriminatory reason for the decision to promote/transfer Walls over Thomas, the Court finds that there are genuine issues of material fact as to pretext, specifically on the issues of whether the interview sheets were intentionally improperly scored as to computer classes and sick leave and whether the use of latent fingerprints was truly a neutral baseline measurement, as Thomas was a community liaison officer in 2002 and virtually had no chance of submitting any fingerprints, as compared to Walls who was a patrol officer in 2002. Again, summary judgment must be denied as to Thomas' Section 1981 failure to promote claim against Kent.

Record Document 72 at 13, 14-15. As to the Section 1981 retaliation claim against Salley, the Court reasoned:

    For purposes of the instant Memorandum Ruling, the Court will assume that Thomas has established that she engaged in protected activity and that a materially adverse action occurred. The Court will now analyze whether there was a causal connection between Thomas' grievance in February 2003 alleging racial discrimination and the alleged adverse employment action, i.e., that Thomas, under fear produced by Salley's retaliatory grievance alleging harassment and insubordination on the part of Thomas, refused a promotion/transfer to the CSIU.
    There is a genuine issue of material fact as to whether Chief Roberts,

> either personally or through Assistant Chief Franklin, offered Thomas a position in the CISU. Chief Roberts denies that he ever made such an offer. See Record Document 69, Exhibit 5 at pp. 47-48. Further, there is a genuine issue of material fact as to when Thomas learned of the grievance filed by Salley. She contends that she knew of such grievance when she refused the promotion/transfer to the CSIU. In an affidavit filed in opposition to the Motion for Summary Judgment, she stated that she was made aware of Salley's grievance in 2002. See Record Document 59, Exhibit A. Yet, in her deposition, she stated that she learned of the grievance only after returning from sick leave. See Record Document 69, Exhibit 6 at 143-145. According to the defendants, Thomas' time records do not indicate that she took sick leave during 2003-2004, but rather took sick leave in late 2005. See id. at 17 n. 4. Yet, the defendants do not indicate whether Thomas' sick leave records are part of the summary judgment record. While the 2000-2002 attendance records of Walls are part of the summary judgment record (Record Document 59, Exhibit AA), the Court did not locate the same records for Thomas. Thus, this Court must proceed to the qualified immunity analysis.

Id. at 16-17. Ultimately, the Court dismissed the retaliation claim against Salley based upon qualified immunity. See id. at 18.

Kent has now filed a second Motion for Summary Judgment, arguing that he is entitled to qualified immunity as to the remaining Section 1981 failure to promote claim. See Record Document 76. Thomas opposed the motion, arguing that qualified immunity is not available as a defense in this case because the Court has already ruled there are genuine issues of material fact involving Kent's discriminatory conduct. See Record Document 87 at 2.

The facts of the instant case were set forth in great detail in the background section of the Court's prior ruling of September 2008. See Record Document 72 at 1-5. The Court hereby adopts and incorporates by reference the facts and background information set forth in its earlier ruling. Any facts relevant to resolving the current motion pending before the Court will be set forth and fully addressed below.

**LAW AND ANALYSIS**

I.    **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  "Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

II.    **Qualified Immunity.**

In addressing a public official's claim of qualified immunity, the Court must engage in a two-step analysis.  See Foley v. Univ. of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003).  "First, [the Court] must determine whether the plaintiff has made a sufficient showing that the official violated a clearly established constitutional or statutory right."  Id.

If this first inquiry is answered in the affirmative, the Court "then ask[s] whether the official's actions were objectively reasonable in light of the clearly established right." Id. The second "reasonable person" inquiry "is not reached unless the [C]ourt first finds that the conduct alleged by the plaintiff, if proved, would constitute a violation of his clearly established rights." Id. at 338.

In Foley, the defendants appealed to the Fifth Circuit, seeking reversal of the district court's decision denying their claims of qualified immunity as to certain Section 1981 claims. See id. at 335-336. The Fifth Circuit affirmed the denial of summary judgment, reasoning:

> If [the defendants] performed the acts as to which the district court found genuine fact issues, they are not protected by qualified immunity. Although the burden of proving [the plaintiff's] claim may be a difficult one to bear, the existence of genuine, material fact issues entitle him to a trial.

Id. at 340.

There is no dispute that Section 1981(b) affords a cause of action to an employee who was not promoted due to her race. At all times relevant to this lawsuit, an objectively reasonable public official should have been aware of an employee's right to be free from racial discrimination in the employment setting. Nevertheless, a public official such as Kent is protected by qualified immunity unless objectively reasonable officials in his position would have been aware that the specific actions alleged and shown by summary judgment proof violated the statutory rights conferred by Section 1981. Here, the Court finds that Thomas has overcome Kent's claim to qualified immunity at this stage of the proceeding. As set forth in the Court's September 2008 ruling, the summary judgment record establishes that Thomas is a member of the protected class; that she applied for a position

for which she was qualified; and that after she did not receive the transfer/promotion, the employer filled the position with someone outside the protected class. The Court specifically found that there were genuine issues of material fact as to whether Thomas' non-transfer/non-promotion to the CSIU was an adverse employment action. See Record Document 72 at 13-14. The summary judgment record also contained genuine issues of material fact as to pretext, specifically on the issues of whether the interview sheets were intentionally improperly scored as to computer classes and sick leave and whether the use of latent fingerprints was truly a neutral baseline measurement, as Thomas was a community liaison officer in 2002 and virtually had no chance of submitting any fingerprints, as compared to Walls who was a patrol officer in 2002. See id. at 15. An objectively reasonable public official in 2002 and 2003 would have known that intentionally mis-scoring an interview sheet and/or intentionally selecting a non-neutral baseline measurement for the tiebreaker due to an employee's race was prohibited by law. If Kent performed these acts as to which there are genuine fact issues, he is not protected by qualified immunity. See Foley, 355 F.3d at 340. Accordingly, his claim of qualified immunity must be denied at this time.

### III. Thomas' Motion to Reconsider.

In opposing the Motion for Summary Judgment, Thomas also filed "a Motion to Reconsider Salley's dismissal based upon qualified immunity," arguing that she did not brief the issue before Salley was dismissed. Record Document 87 at 1, n. 2. Thomas included this "motion" in a footnote and has not identified under what rule she is seeking

relief. The Court assumes that the motion is being filed pursuant to Rule 60(b)(1) or (6).[1] Such motions "must be made within a reasonable time." See F.R.C.P. 60(c)(1).

Despite the passing of seven months between the Court's September 15, 2008 ruling and Thomas' April 23, 2009 Motion to Reconsider, for purposes of the instant ruling, the Court will assume that the Motion to Reconsider was properly filed and was made within a reasonable time. Thomas first contends that Salley's dismissal based on qualified immunity was improper because she did not brief the issue before the dismissal was entered. Salley plead qualified immunity as a defense in his answer on September 13, 2007. See Record Document 26 at 2. He also raised qualified immunity as an issue in his reply to the first Motion for Summary Judgment. See Record Document 69 at 21. Despite being a well-seasoned practitioner before this Court, counsel for Thomas did not seek leave of court to file a sur-reply to challenge the defense of qualified immunity.

Notwithstanding, the Court assumes that Thomas would argue, just as she did for Kent, that qualified immunity is not available as a defense to Salley in this case because the Court has already ruled there are genuine issues of material fact. However, the cases

---

[1]Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect; [or]

. . .

(6)    any other reason that justifies relief.

F.R.C.P. 60(b)(1) & (6).

of Salley and Kent are distinguishable. In relation to the retaliation claim against Salley, the Court assumed in its prior ruling that Thomas established that she engaged in protected activity and that a materially adverse action occurred. Yet, the Court found genuine issues of fact as to whether there was a causal connection between Thomas' grievance in February 2003 alleging racial discrimination and the alleged adverse employment action, i.e., that Thomas, under fear produced by Salley's retaliatory grievance alleging harassment and insubordination on the part of Thomas, refused a promotion/transfer to the CSIU. Specifically, the Court reasoned:

> There is a genuine issue of material fact as to whether Chief Roberts, either personally or through Assistant Chief Franklin, offered Thomas a position in the CISU. Chief Roberts denies that he ever made such an offer. Further, there is a genuine issue of material fact as to when Thomas learned of the grievance filed by Salley. She contends that she knew of such grievance when she refused the promotion/transfer to the CSIU. In an affidavit filed in opposition to the Motion for Summary Judgment, she stated that she was made aware of Salley's grievance in 2002. Yet, in her deposition, she stated that she learned of the grievance only after returning from sick leave. According to the defendants, Thomas' time records do not indicate that she took sick leave during 2003-2004, but rather took sick leave in late 2005. Yet, the defendants do not indicate whether Thomas' sick leave records are part of the summary judgment record. While the 2000-2002 attendance records of Walls are part of the summary judgment record, the Court did not locate the same records for Thomas.

Record Document 72 at 16-17. Here, the genuine issues of fact do no revolve around Salley's actions, but rather certain actions of Chief Roberts and Thomas herself. Thus, unlike the analysis in relation to Kent, it can not be said that if Salley performed the acts as to which there are genuine fact issues, he is not protected by qualified immunity. See Foley, 355 F.3d at340. Accordingly, there is no reason for the Court to disturb its prior ruling granting Salley dismissal on the grounds of qualified immunity.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment (Record Document 76) filed by Kent is denied. Thomas' Motion to Reconsider Salley's dismissal based upon qualified immunity is likewise denied.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE