# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DIANA THOMAS | CIVIL ACTION NO. 06-1078 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID KENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (Record Document 93) filed by the plaintiff, Diana Thomas ("Thomas"). Thomas sought to exclude (1) "other evidence of qualifications beyond the scoring system imposed by the City of Shreveport," specifically defense exhibits 11 (Officer Amy Muller's IOC) and 12 (Lieutenant David Kent's IOC); and (2) Corporal David Walls' ("Cpl. Walls") performance as a Crime Scene Investigation Unit ("CSIU") officer. The defendant, David Kent ("Kent"), opposed the Motion in Limine as to these grounds.[1] See Record Document 100.

---

[1] Thomas sought to exclude evidence and testimony that she "was unable to perform essential duties as a CSI investigator in the year 2005" and opinion testimony regarding compliance with federal and state employment law. See Record Document 93 at 1-2. In his opposition, Kent stated that he had no opposition "to excluding testimony and evidence of Thomas' . . . job performance while she was a CSIU officer in 2005" and to the exclusion of lay opinions regarding compliance. Record Document 100 at 2. As the parties agree, the Motion in Limine is **GRANTED** as to these issues.

Thomas also asked that defense counsel be specifically instructed to inform its witnesses "not to volunteer, inject, disclose, state, mention or allude to, or refer to, by work, act, deed or innuendo, to the Jury any of the above matters until specifically questioned thereon, after a prior ruling by the Court." Record Document 93-3 at 8. She further requested that the defense "be instructed not to make any mention or reference to the fact that this Motion has been made." Id. Such requests do not relate to the admissibility of specific evidence, which is the usual subject of motion in limine practice. Instead, Thomas' requests appear to touch on evidentiary and customary rules of court. The lawyers involved in this case are experienced members of the bar who have appeared numerous times before the undersigned. The Court is confident that they know the rules applicable to the questioning of witnesses and the repercussions of eliciting testimony that the Court has previously ruled inadmissible. Therefore, the Motion in Limine is **DENIED** as to these issues.

Thomas argued that any evidence or testimony that Thomas was not qualified to be promoted to CSIU in 2002 should be excluded. Instead, she maintained that factual inquiries should be limited to the City of Shreveport's scoring system; the "tied interview scores"; and the fact that a tie-breaker was implemented. See Record Document 93-3 at 4-5; Record Document 102 at 3. Specifically, Thomas sought to exclude any reference to Muller's previous experience with Cpl. Walls and Thomas, which is discussed in Muller's October 28, 2002 IOC (Inter-Office Memorandum) to Kent discussing her "observations and recommendations regarding the interviews of the four Crime Scene Unit applicants." Record Document 100-2. Thomas also sought to exclude Kent's IOC to Captain Richard Salley ("Cpt. Salley"), which listed the scores of each applicant and outlined the positive and negative attributes of each applicant based on the interview process. See Record Document 100-3. In response, Kent maintained that the IOCs are relevant because they are being offered to explain the circumstances that lead to the tie-breaker being implemented and because they are of consequence to the determination of whether Kent intentionally discriminated against Thomas due to her race when he recommended Cpl. Walls for the position. See Record Document 100 at 4.

Here, the Court finds that the IOCs are relevant to the failure to promote claim, specifically as to the issue of Kent's burden to articulate a legitimate, nondiscriminatory reason. The IOCs serve as critical background information relating to the implementation of a tie-breaker. Thomas' contention that "there are no circumstances to explain" other than tied interview scores is suspect, as she has all along claimed that the interview sheets were intentionally mis-scored. To counter the IOCs, Thomas will be free to explain to the jury her recollection of the interview process and her sensitivity, or lack thereof, to any

aspects of the CSIU position.  Further, while it is true that Muller was not an ultimate decisionmaker in this case, it appears that information from her IOC was incorporated into Kent's IOC, which was ultimately sent to Cpt. Salley.  After Cpt. Salley reviewed the IOC, he and Kent decided to implement the tie-breaker system.  Thus, based on the foregoing, the Motion in Limine is **DENIED** as to this issue.[2]

In the motion, Thomas argued that evidence and testimony relating to Cpl. Walls' performance as a CSIU officer *after* his selection for that position is irrelevant, unduly prejudicial, and confusing to the jury.  See Record Document 93-3 at 6.  Specifically, she noted that when considering an employer's legitimate, nondiscriminatory reason, the factfinder's inquiry should focus on the "employer's motive as limited to the instant that the [employment] decision [at issue] was made." Patrick v. Ridge, 394 F.3d 311, 319 (5th Cir. 2004).  Conversely, Kent argues that "evidence of Cpl. Wall's job performance as a CSIU officer is relevant to prove that Kent's recommendation was motivated by selecting the most qualified candidate and not due to Thomas' race." Record Document 100 at 5.

Consistent with the reasoning set forth in Patrick, the Court finds that evidence and testimony relating to Cpl. Walls' performance as a CSIU officer shall be excluded from trial. The defense has offered the relative qualifications of Cpl. Wall as its legitimate, nondiscriminatory reason.  However, Cpl. Walls' relative qualifications shall be limited to

---

[2]In her reply, Thomas for the first time contends that the IOCs are inadmissible hearsay. See Record Document 102 at 4.  Initially, the Court questions whether the IOCs are being offered for the truth of the matter asserted and/or whether they are recorded recollections or records of regularly conducted activity.  The Court does not have sufficient information to rule on the hearsay objection at this time, as Thomas' argument in her reply was conclusory and scant at best.   If she wishes to pursue her hearsay objection at trial, she shall be prepared to present a more detailed argument to the Court at that time.

those known by the decisionmaker at time the decision adverse to Thomas was made. See id. at 318. Cpl. Wall's performance after his 2002 selection is simply not relevant to Thomas' failure to promote claim, as the Fifth Circuit has defined the "snapshot inquiry into an employer's motive as limited to the instant that the [employment] decision [at issue] was made." Id. at 319. Therefore, the Motion in Limine is **GRANTED** as to this issue.

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Record Document 93) filed by Thomas be and is hereby **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 8th day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE