## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

DIANA THOMAS                                                    CIVIL ACTION NO. 06-1078

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

DAVID KENT, ET AL.                                             MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (Record Document 97) filed by the defendant,

David Kent ("Kent").  Kent sought to exclude from trial (1) evidence regarding alleged

discrimination against Sergeant Phyllis Smith ("Sgt. Smith"), who has been identified as a

witness by the plaintiff, Diana Thomas ("Thomas"); (2) the introduction of evidence of

Captain Salley's ("Capt. Salley") 2002 grievance; and (3) testimony and evidence of the

"2005 Interview Sheet" and testimony regarding the points assessed Thomas for computer

skills in 2002 versus 2005.  See id.  Thomas opposed the Motion in Limine.  See Record

Document 101.  To date, no reply has been filed.

**I.      Sgt. Smith.**

Kent moved to exclude evidence regarding alleged discrimination against Sgt.

Smith.  See Record Document 97-2 at 2.  The alleged discrimination occurred in 1995

when Sgt. Smith applied for, but did not receive, a position in the CSIU.  See id.  Kent

specifically argued that such evidence is not relevant, as he had no control over the

selection process in 1995.  He also maintained that any evidence regarding the alleged

discrimination against Sgt. Smith would be unduly prejudicial under Rule 403 due to the

time between the alleged discriminatory acts in 1995 and 2002.  See id. at 5.[1]  Conversely,

---

[1]Kent also sought exclusion on notice grounds, arguing that Thomas failed to
properly disclose the nature of Sgt. Smith's testimony, thereby precluding him from being

Thomas argued that Sgt. Smith's testimony is highly relevant to show that the requirement/preference for college degrees in the selection process for a CSIU position changed from 1995 to 2002 and that there was a discriminatory pattern of choosing whites to be CSIU officers.  See Record Document 101 at 9.

As stated previously, Kent has not filed a reply brief.  The Court finds that a reply addressing the arguments asserted by Thomas in her opposition, namely the arguments based on the Safford v. St. Tammany Parish Fire Protection Dist. No. 1, No. Civ.A. 02-0055, 2004 WL 1196894 (E.D.La. May 26, 2004), would be helpful in deciding the admissibility of evidence relating to the alleged discrimination against Sgt. Smith.  Kent shall file such **reply** by the close of business on **Monday, July 13, 2009**.  The Court will defer ruling on the admissibility of evidence regarding the alleged discrimination against Sgt. Smith until after its review of Kent's reply.

II.    **Capt. Salley's 2002 Grievance.**

Kent argued that Thomas should be excluded from presenting any testimony and/or documents relating to Capt. Salley's 2002 grievance because all claims relating to the grievance have been dismissed in motion practice.  See Record Document 97-2 at 5.  He further maintained that dismissal of Thomas' retaliation claim against Capt. Salley subsumed her claims for embarrassment, humiliation, and distress and that any testimony and evidence on this issues could "resurrect" Thomas' retaliation claim against Capt. Salley.  See id.

In her opposition, Thomas argued that the grievance is highly relevant as "an

---

able to conduct discovery on this issue.  See Record Document 97-2 at 2.

objective additional cause as to her damages," as the "grievance contributed to her emotional distress, humiliation and embarrassment for being passed over for the promotion to CSIU." Record Document 101 at 7. She specifically noted that she was not attempting to prove a retaliation claim and even suggested that "the grievance could be redacted to omit the portions . . . which Kent believes [to be] objectionable." Id. at 8.

Because no reply was filed, the Court has no way to determine whether the aforementioned suggestion by Thomas' counsel is acceptable to Kent. The parties are hereby **ORDERED** to confer on such issue. If no agreement is reached regarding the redaction of the grievance, then Kent shall file a **reply** on this issue by the close of business on **Monday, July 13, 2009**. The Court will defer ruling on the admissibility of testimony and/or documents relating to Capt. Salley's 2002 grievance until after its review of Kent's reply.

**III.    2005 Interview Sheet.**

Kent moved to exclude Thomas' 2005 CSIU Interview Sheet pursuant to Rule 404(b) and on relevancy grounds. See Record Document 97-2 at 6-8. Thomas argued that the 2005 Interview Sheet is relevant, as it corroborates her testimony that she told panel members in 2002 that she had 12 computer classes and tends to rebut the contention that any errors on the 2002 score sheets in relation to computer classes were simply good faith errors attributable to reasons other than an intent to discriminate based on race. See Record Document 101 at 2-3.

The Court has reviewed the briefs and holds that Thomas' 2005 CSIU Interview Sheet is inadmissible. The probative value of the 2005 Interview Sheet is significantly

lessened because the scoring of computer skills during the CSIU interview process is based upon the interviewer's personal perception, as the form offers no objective criteria for scoring advanced level computer skills. One interviewer might require only basic level city courses for an advanced computer skill rating, while another interviewer might require the applicant to have the ability to design complex computer software in order to receive the advanced computer skill rating. Moreover, Thomas' relevancy arguments might be more plausible if Kent had actually participated in the 2005 interview process. The Motion in Limine is therefore **GRANTED** as to this issue.[2]

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Record Document 97) filed by Kent is **GRANTED** as to the 2005 Interview Sheet.

The Court **DEFERS** ruling on the admissibility of evidence regarding alleged discrimination against Sgt. Smith and evidence of Capt. Salley's 2002 grievance at this time.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 8th day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Sgt. Brek Bickim was one of the panel members that interviewed Thomas for the 2005 CSIU position. Sgt. Bickim is listed on Thomas' witness list to testify about her reasons for giving Thomas two points for computer skills. Because the Court has granted the Motion in Limine in relation to the 2005 Interview Sheet, Sgt. Bickim's testimony is likewise excluded.