# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DIANA THOMAS | CIVIL ACTION NO. 06-1078 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID KENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (Record Document 97) filed by the defendant, David Kent ("Kent"). The Court previously ruled on certain issues raised in the motion, but deferred ruling on the admissibility of evidence regarding alleged discrimination against Sergeant Phyllis Smith ("Sgt. Smith"). For the reasons which follow, the Motion in Limine is **GRANTED** and evidence regarding alleged discrimination against Sgt. Smith is excluded from trial.

As stated in the Court's previous ruling (Record Document 105), Kent moved to exclude evidence regarding alleged discrimination against Sgt. Smith. The alleged discrimination occurred in 1995 when Sgt. Smith applied for, but did not receive, a position in the CSIU. Kent specifically argued that such evidence is not relevant, as he had no control over the selection process in 1995. He also maintained that any evidence regarding the alleged discrimination against Sgt. Smith would be unduly prejudicial under Rule 403 due to the time between the alleged discriminatory acts in 1995 and 2002. Conversely, Thomas argued that Sgt. Smith's testimony is highly relevant to show that the requirement/preference for college degrees in the selection process for a CSIU position changed from 1995 to 2002 and that there was a discriminatory pattern of choosing whites to be CSIU officers.

In his reply, which the Court ordered on July 8, 2009, Kent argued that there is no direct evidence of discrimination by Kent towards Sgt. Smith. See record Document 112 at 2. He further noted the difference in the 1995 and 2002 selection processes, namely the change from ranking of applicants with no formal interviews to a formal application process. See id. at 3, n. 1. Most importantly, Kent factually distinguished the instant matter from Safford v. St. Tammany Parish Fire Protection Dist. No. 1, No. Civ.A. 02-0055, 2004 WL 1196894 (E.D.La. May 26, 2004).

In Safford, the defendants sought to exclude Rule 404(b) evidence, specifically past discriminatory acts against other female employees. Rule 404(b) requires similarity between the challenged evidence and the acts at issue, or the other acts are irrelevant. See U.S. v. Beechum, 582 F.2d 898, 911 (5th Cir.1978); Aetna Casualty & Surety Co. v. Guynes, 713 F.2d 1187, 1193 (5th Cir.1983). The Court must first determine whether the other acts evidence is relevant to an issue other than the party's character. See Beechum, 582 F.2d at 911. Then, the Court must engage in a Rule 403 analysis to decide whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice to the party. See id.

Here, the relevancy of the evidence relating to alleged discrimination against Sgt. Smith is substantially lessened by the passage of time from 1995 to 2002; the difference in the 1995 and 2002 selection processes; and lack of objective documentation regarding the alleged discrimination against Sgt. Smith in 1995. While many of the specific facts relating to the alleged 1995 discriminatory acts are unknown at this time, those facts that are known highlight the factual differences between Kent's limited involvement in the 1995 selection process versus his direct involvement in 2002. Pursuant to Rule 403, the Court

further finds that the probative value of the evidence relating to alleged discrimination against Sgt. Smith is substantially outweighed by the danger of unfair prejudice to Kent. There is no evidence before the Court that Sgt. Smith filed a formal, or informal, discrimination claim against Kent and/or the City of Shreveport in relation to the alleged 1995 discriminatory acts. Thus, at trial, Kent should not be forced to counter other acts evidence relating to discrimination claims that were not documented or investigated by the Shreveport Police Department. The Court must exclude from trial any evidence regarding alleged discrimination against Sgt. Smith.

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Record Document 97) filed by Kent is **GRANTED** as to evidence regarding alleged discrimination against Sgt. Smith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 15th day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE